IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

Maridon Petzold and  
Mark Petzold,                                   )  
                                                )  
    Plaintiffs,                              )   Case No. 18-CV-222-R  
                                                )  
vs.                                             )  
                                                )  
NCC BUSINESS SERVICES, INC.,                    )  
                                                )  
    Defendant.                               )  

## JOINT CASE MANAGEMENT PLAN

1. The names of counsel who attended the Rule 26(f) meeting and assisted in developing the Case Management Statement.

    Response:     Michael Stulken, Sean Larson.

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

    Response: The parties named in the caption.

3. A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

    Response: The Plaintiffs assert that they were subject to inappropriate credit reporting and were not provided necessary documentation pursuant to law when attempting to resolve the same. The Defendant denies these allegations strongly as no violations have occurred.

*Rev. 5/29/13*                                      1

4. A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.

Response: Federal Question Jurisdiction. 15 USC 1692; 28 USC 1331; 15 USC 1692 (a)(d).

5. A list of any parties who have not been served, and an explanation of why they have not been served. Also a list of any parties who have been served, but have not answered or otherwise appeared.

Response: None.

6. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

Response: None expected.

7. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

Response:   There are possible dispositive issues.

8. The nature and type of discovery each party intends to pursue and, whether discovery is an issue and whether the discovery should be limited in any manner.

Response: The parties believe that discovery should be relatively limited in this case. The parties will not seek any discovery in excess of discovery allowed by rule, statute, or other law.

9. The status of related cases pending before other courts or other judges of this Court.

Response: None known.

10. Proposed specific dates for each of the following, keeping in mind that trial should occur within nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

  a. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C): July 15, 2019.

  b. A deadline for the completion of fact discovery: August 15, 2019.

  c. A deadline for filing dispositive motions: September 1, 2019.

  d. A date for a dispositive motion hearing (the parties may choose not to have a hearing): The parties may not need a hearing on dispositive motions and, if so, may just request that a ruling be made on the briefs.

  e. A date for the final pretrial conference: October 1, 2019.

  f. A date for trial: November 18, 2019.

11. The estimated length of trial and any suggestions for shortening the trial.

Response: Counsel believes that trial should not last more than a day, but out of an abundance of caution believe that setting aside one to two days would be appropriate.

12. The prospects for settlement, including any request of the Court for assistance in settlement efforts.

Response: Fair.  This is a small amount case, and economics may not warrant full litigation.   The parties may be option to alternative dispute resolution.

13.  Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

Response: None known at this time.


| s/Michael Stulken | March 6, 2019 |
|---|---|
| Counsel for Plaintiff(s) | Date |
| s/ Sean Larson | March 5, 2019 |
| Counsel for Defendant(s) | Date |